## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL CHAVANNES<br><br>Plaintiff,<br><br>v.<br><br>SHOREWOOD SCHOOL DISTRICT, and ABC INSURANCE COMPANY,<br><br>Defendant. | Case No.:<br><br>Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Plaintiff, Michael Chavannes ("Plaintiff" or "Chavannes"), by his attorneys, Cade Law Group LLC, and as for his Complaint against Defendant Shorewood School District ("Defendant" or "District"), alleges and shows to the Court as follows:

### INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §200e-5(f) (1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race undertaken by the Defendant, and to provide appropriate relief to Plaintiff on this basis.

2. Title VII, as amended, also bars retaliation against employees who seek to correct unlawful employment practices on the basis of race. This action seeks to provide appropriate relief to Plaintiff on this basis.

3. As alleged with greater particularity below, Defendant Shorewood School District engaged in unlawful employment discrimination against Chavannes on the basis of race and/or retaliated against him under Title VII.

4. This also is an action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 634 *et seq.*, to correct unlawful employment practices on the basis of age and retaliation undertaken by Defendants, and to provide appropriate relief to Plaintiff Michael Chavannes.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 634 *et seq.*; the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. 1001, § 510, *et seq.* and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981a.

6. Chavannes complied with all jurisdictional prerequisites and conditions precedent to action under Title VII of the Civil Rights Act of 1964 by timely filing a charge of discrimination with the Equal Employment Opportunity Commission on May 17, 2022. **See Exhibit A.**

7. Chavannes also filed an amended charge of discrimination with the Equal Employment Opportunity Commission on November 18, 2022. **See Exhibit B.**

8. The EEOC provided Chavannes a Notice of a Right to Sue letter dated December 20, 2022. **See Exhibit C.**

9. Chavannes also filed a Notice of Injury and Notice of Claim with the District on April 26, 2022, pursuant to Wis. Stat. § 893.80. **See Exhibit D.**

10. More than 6 months have passed since the Notice of Claim was filed with the District.

11. This Court also has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367 because they form part of the same case or controversy as the aforementioned claims.

12. Venue in this judicial district is proper by virtue of 28 U.S.C. §1391 as Chavannes worked for Defendant Shorewood School District in Shorewood, Wisconsin, which is in the Eastern District of Wisconsin, and all claims arose in this District.

**PARTIES**

13. Chavannes is an adult male of Caucasian descent residing at N51W17310 Chestnut Road, Menomonee Falls, WI 53051. He was a former employee of the Defendant.

14. Defendant Shorewood School District is an independent local governmental unit under a grant of authority and within geographic limits created by Wisconsin State law, which is responsible for the operation of public schools in the Village of Shorewood, Wisconsin. It is governed by a locally-elected five-member School Board. Its Interim Superintendent is JoAnne Sternke. Shorewood School District serves over 2,100 students and has well over 100 staff and faculty members, and is comprised of two elementary schools, an intermediate school, one high school, and a charter school. Shorewood School District's business address is 1701 E. Capitol Drive, Shorewood, WI 53211.

15. Defendant ABC Insurance Company is believed to be, and is believed to have been at all material times, an insurance company that has in place a policy or policies which insured, totally or partially, Defendant Shorewood School District for any or all liability for their actions against Plaintiff Michael Chavannes.

**FACTS**

16. Chavannes was employed by Defendant Shorewood School District as the Director of Technology. As the Director of Technology, Chavannes had access to school laptops in order to execute some of his job duties, one of which included backing up data prior to reassigning a computer after it is no longer used by a staff member.

17. Tammy Rasco Samuel Coleman, Sharolyn Tucker, and Kimberly Salem were also employed by Defendant Shorewood School District. Ms. Rasco was the principal of Lake Bluff Elementary. Mr. Coleman and Ms. Tucker lead trainings on the District's equity initiative, which focuses heavily around addressing deficit-based language. Ms. Rasco, Ms. Tucker, Ms. Salem, and Mr. Coleman are all African-American.

18. Chavannes was alerted to text messages between Ms. Rasco, Ms. Tucker, Ms. Salem, and Mr. Coleman on February 24, 2022 by one of his subordinates that had been found on Ms. Rasco's district-issued laptop. Upon further investigation, Chavannes discovered the messages contained deficit-based language directed toward staff members. In one message, Ms. Rasco, Ms. Tucker, Ms. Salem, and Mr. Coleman discussed a teacher who was continually being beaten up. Mr. Coleman commented that he "hoped it would happen again", and Ms. Rasco said she hoped Bryan Davis (the District's Superintendent) would not interfere.

19. Chavannes alerted his then supervisor, Interim Superintendent JoAnn Sternke, on February 24, 2022 of the discriminatory messages found on Ms. Rasco's laptop. Chavannes expressed, and reasonably believed, that these messages could be interpreted as creating a hostile work environment of administrators toward staff. Chavannes expressed to Sternke, "what if it was a white administrator using the "N" word toward any staff members" and that there needed to be a repercussion for using the same "type of word towards white staff members".

20. Ms. Sternke informed Chavannes she needed time to think about the situation before acting on it when presented with the information contrary to the District's Whistleblower Policy, which specifically states that after such a report is made by an administrator, the immediate supervisor will ask that the report be put in writing, Ms. Sternke did not ask Chavannes to provide written documentation or file a complaint; instead, she asked Chavannes to keep the laptop in a safe place so the information on it could not be erased, and then never made any further inquiries about the messages.

21. Chavannes backed up its contents onto a USB drive to keep it safe per Ms. Sternke's request. But for the Chavannes's undertaking, Rasco would have had the opportunity to unlink her device from the District computers, destroying access to evidence. In the alternative, the computer was subject to the possibility of crashing.

22. While at work on March 2, 2022, Chavannes uncovered additional messages between Ms. Rasco, Ms. Tucker, Ms. Salem, and Mr. Coleman from the desktop computer in Ms. Rasco's office. These messages referred Caucasian District employees using terms such as "cracker", "cr_cker", "cracka", crackling", "white folk", "white folks", "white ladies", "white devil", "beats up", "minority Jewish", "conversion", and

"playing chess". Ms. Salem, Ms. Tucker, and Mr. Coleman responded to these messages using various laughing emojis. There was also a message containing an image of Mr. Coleman drinking during work hours. Chavannes backed these messages up onto another USB drive.

23. Chavannes was placed on administrative leave on March 3, 2022.

24. Chavannes was not given a reason for this disciplinary action other than "potential misconduct that [called] into question [his] ability to perform [his] job responsibilities as an administrator in the District".

25. An investigative interview of Chavannes was conducted on March 17, 2022. The attorney for the District's Board held a conference with Chavannes and his counsel on April 20, 2022 in which she presented findings regarding the "investigation" into Chavannes's alleged misconduct.

26. Chavannes was fully within his job duties in reporting the discriminatory messages found on Ms. Rasco's laptop. Data found on a work device is not subject to privacy. Per the District's Board of Education Policy #280, use of district property states all property must be used only for District-related business. Similarly, the employee handbook states no employee shall have an expectation of privacy regarding any use of the District's internet system, the contents of any files stored on the District's system, and any records of their online activity while on the network.

27. Importantly, the action of the African-American Administrators was in direct contradiction of District policy. Despite that fact, none of those administrators were suspended or placed on leave while Chavannes was placed on leave for reporting the very conduct that is not permitted in the District.

28. Defendant Shorewood School District violated Title VII and WFEA when it removed Chavannes's duties after he opposed a hostile work environment and when it terminated him on Wednesday, May 11, 2022 because he opposed a hostile work environment.

**COUNT I – RACE DISCRIMINATION**

29. Plaintiff realleges and incorporates by reference the above paragraphs as if they were set forth herein.

30. Defendant Shorewood School District unlawfully discriminated against Chavannes on the basis of his race when it fostered and/or tolerated disparate treatment against him, both by its agents and Chavannes's peers. Specifically, Shorewood School District treated Chavannes worse than his African-American peers in the terms and conditions of his employment and retaliated against him when he opposed discrimination in the workplace and complained about the hostile work environment that was created when four African-American administrators used racial slurs to refer to Caucasian District employees by placing him on administrative leave, stripping him of his job duties, and terminating him from his position within the District. This unlawful discrimination was in violation of Chavannes's rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), as amended; and 42 U.S.C. §1981.

31. Defendant Shorewood School District's conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §200e-2(1) and 42 U.S.C. § 1981. Any rationale that Defendants could assert for their actions and omissions in relation to Chavannes are pretexts cloaking a discriminatory animus.

32. As a direct and proximate cause of the Defendant's actions in discriminating against Chavannes on the basis of his race, Chavannes has suffered compensatory damages, including, but not limited to, emotional distress, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

### COUNT II – AGE DISCRIMINATION

33. Chavannes realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

34. Defendant unlawfully discriminated against Chavannes on the basis of his age when it terminated his employment, in reckless disregard of his federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended; Title I of the Civil Rights Act of 1991 ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.

35. At time Defendant terminated Chavannes' employment, Defendant knew – or should have known – that Chavannes would be eligible for specific benefits at the start of the next school year. Upon information and belief, Chavannes was replaced by an individual who was younger than 40 years old.

36. As a result of Defendant's intentional discrimination, Chavannes has suffered damages in the form of loss of wages and other employment benefits, attorney's fees and costs, and other damages that he will establish at trial.

### COUNT III – RETALIATION

37. Plaintiff realleges and incorporates by reference the above paragraphs as if they were set forth herein.

38. Defendant Shorewood School District, through its agents, intentionally retaliated against Chavannes by terminating him for opposing race discrimination in the workplace and for complaining of a hostile work environment in reckless disregard for his federally protected rights under Title VII of the Civil Rights Act of 1964 as amended, Title I of the Civil Rights Act of 1991 ("Title VII") and 42 U.S.C. § 1981.

39. Any rationale Defendants could assert for their actions and omissions in relation to Chavannes are pretexts cloaking a retaliatory *animus*.

40. As a direct and proximate cause of Defendant's actions in retaliating against Chavannes, Plaintiff has suffered compensatory damages, including but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, attorneys' fees, and other expenses as allowed by law.

## COUNT IV – INTERFERENCE WITH EMPLOYEE BENEFITS

41. Chavannes re-alleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

42. Shorewood unlawfully interfered with Chavannes's earned or promised employee benefits, in reckless disregard of his federally-protected rights under the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. 1001, § 510, *et seq.* Shorewood unlawfully terminated Chavannes' employment shortly before he was eligible for a $25,000 a year benefit that would begin at the age of Fifty years old. The benefit results in $25,000 a year from 50-57 years old. The benefit program offered by Shorewood, in interference with – or retaliation for – his access to, this benefit. As a result of Shorewood's unlawful employment practices in terminating Chavannes' employment

prior to the use of health benefits, Chavannes has suffered damages in the form of loss of wages and other employment benefits, attorney's fees and costs, and other damages that she will establish at trial.

**RELIEF**

WHEREFORE, Chavannes respectfully requests that this Court:

a. Enter a judgment against Defendant Shorewood School District violated Title VII of the Civil Rights Act of 1964 as amended;

b. Enter a judgment against Defendant Shorewood School District and in favor of Chavannes for compensatory damages;

c. Enter a judgment against Defendant Shorewood School District and in favor of Chavannes for monetary relief;

d. Enter a judgment against Defendant Shorewood School District and in favor of Chavannes for punitive damages;

e. Enter a judgment against Defendant Shorewood School District to reinstate Chavannes;

f. Award Chavannes the costs of this action and reasonable attorneys' fees; and

g. Award Chavannes such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Dated this 1st day of January, 2023.

                **CADE LAW GROUP LLC**
                Attorneys for Plaintiff, Michael Chavannes

By:    *Electronically signed by Nathaniel Cade, Jr.*
        Nathaniel Cade, Jr. SBN 1028115
        Antonique C. Williams, SBN 1051850
        Annalisa Pusick, SBN 1116379
        PO Box 170887
        Milwaukee, WI 53217
        P: (414) 255-3802
        F: (414) 255-3804
        E: nate@cade-law.com
        E: antonique@cade-law.com
        E: annalisa@cade-law.com